## HOLZHAUER VS. THE BOARD OF SUPERVISORS OF MILWAUKEE COUNTY.

*(1) Statutory construction: Double fees of sheriff. (2) Bill of exceptions. (3) Judgment not reversed for trifling error.*

1. Subd. 22 of sec. 1, ch. 133, R. S., as amended, gives the sheriff a *per diem* of $3 for attendance on a circuit, county or municipal court; and subd. 32 gives him $1.50 per day for attending any court or officer with a prisoner; and there is no provision in the statute indicating a legislative intent that he shall receive only one fee for services rendered on the same day. *Held,* that a sheriff is not precluded from recovering the fee named in subd. 32 for attending a municipal court with a prisoner, by the fact that he has charged and received $3 *per diem* under subd. 22, for attending upon the same court on the same days.

2. Where, on appeal from a decision of the county board rejecting a sheriff's claim for certain expenses incurred by him, the circuit court found that they were actual and necessary disbursements, this court cannot review such finding if the bill of exceptions does not purport to contain all the evidence.

3. The appellate court will not reverse a judgment for an error which adds only a trifling amount to the sum found due the respondent.

APPEAL from the Circuit Court for *Milwaukee* County.

In 1875, the plaintiff, who was sheriff of Milwaukee county, presented to the board of supervisors two accounts accruing during that year for official services and fees and for certain expenses paid by him, all which he claimed were proper county charges. The board refused to allow certain items in the accounts, amounting to .about $400, the larger part of which were charges for attending before the municipal court of that county, and before the judge thereof, with prisoners for trial or examination. The balance of the rejected items were for expenses incurred for conveyance of prisoners, and in one case for conveyance of officers to investigate a murder case and to arrest the murderers.

The sheriff appealed to the circuit court from the decision of the board of supervisors. The matter was tried in that

court before the judge (a jury having been waived), and resulted in a finding and judgment for the sheriff for the full amount of the rejected items and interest.

The board of supervisors appealed from the judgment.

*Jared Thompson, Jr.,* district attorney of Milwaukee county, for the appellant, contended, 1. That as the sheriff, at the time of performing the services in attending court or before an examining magistrate with prisoners, was entitled to receive and did receive, $3 per day for his own attendance upon court, under subd. 22, sec. 1, ch. 133, Tay. Stats., and also $4 per day for each of his three deputies who were assigned to and in attendance upon the courts, under ch. 248 of 1873 (which is applicable to Milwaukee county alone), it could not have been the legislative intention that subd. 32 of sec. 1, ch. 133, Tay. Stats., should continue to apply to Milwaukee county. 2. That the municipal court of Milwaukee county, under the statutes relating to it, sits, in the trial of petty cases, and in holding preliminary examinations, with the powers of a justice of the peace (Laws of 1853, ch. 35, sec. 1; P. & L. Laws of 1859, ch. 199, secs. 16 and 19); and that subd. 32, above referred to, was not intended to apply to the attendance of the sheriff before a justice of the peace or the municipal judge upon a preliminary examination. 3. That prior to the passage and publication of ch. 245 of 1875, there was no authority for paying the sheriff for conveyance furnished by him in searching for or arresting prisoners; and that under that statute, which provides that the board of supervisors " shall allow only such sum as may appear reasonable and necessary," the board has an absolute and unappealable discretion in the allowance of such charges, and that this is true whereever services have been rendered which are beneficial to the county, and no specific compensation is provided by law. *People v. Haws,* 34 Barb., 79.

For the respondent, a brief was filed by *Jenkins, Elliott & Winkler,* and the cause was argued orally by *Mr. Jenkins.*

LYON, J. For each day that the sheriff attended with prisoners before the municipal court or judge, as charged in his account, he charged the county and received three dollars, being the *per diem* allowed by law for attendance upon a court. The board of supervisors rejected the account for attending with prisoners for that reason, holding that such *per diem* included compensation for the latter service. The learned circuit judge took the opposite view. We are to determine which tribunal was correct. The question is easily solved. Subd. 22 of sec. 1, ch. 133, R. S., as amended by subsequent enactments, gives the sheriff a *per diem* of three dollars for attendance upon the circuit or county or municipal court. Subd. 32 of the same section gives him one dollar and fifty cents a day, besides actual necessary expenses, for attending any court or officer with a prisoner. The two provisions are independent of each other. The first gives a fee for ordinary, routine services as the executive officer of the court; the last, for a special service involving special responsibility. The right to compensation under one provision is not given upon condition that the sheriff has not received compensation under the other. If he may receive compensation under but one of the provisions, how shall it be determined which shall prevail? Is there not as good reason for holding that, when the sheriff attends court with a prisoner on a given day, he must accept one dollar and fifty cents in full for his services in court on that day, under the 32d clause, as there is for holding that he must accept three dollars in full, under the amended 22d clause? Had the legislature intended that only one fee should be allowed for services rendered on the same day, nothing was easier than to express such intention in the statute. But it has not done so, and it would be mere judicial legislation were we to hold that the 32d clause must be read as providing that the sheriff shall be allowed for "attending any court or officer with a prisoner, one dollar and fifty cents per day, unless he shall be entitled to compensation under the

22d clause of the section, in which case he shall attend with the prisoner without further compensation." We conclude that the learned circuit judge interpreted the statute correctly.

The few items for expenses in criminal matters are trifling in amount. The circuit judge found that they were actual, necessary disbursements; and, inasmuch as the bill of exceptions does not purport to contain all the testimony, we cannot review the findings of fact. These items seem to be proper charges against the county by virtue of ch. 245, Laws of 1875. If a close examination discloses that some one of them is not properly so chargeable, it is of no importance. *De minimis non curat lex.*

The judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.